UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| La Molisana SpA<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-03863<br>Complaint |

## COMPLAINT

Plaintiff La Molisana S.p.A. by and through their attorneys, alleges and states the following claims against the defendant United States.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this complaint to contest the final scope ruling issued by the U.S. Department of Commerce, International Trade Administration (the "Department"), in the scope inquiry with respect to the Antidumping Duty ("AD") and Countervailing Duty ("CVD") Orders of Dry Pasta from Italy. *See* Memorandum from Erin Begnal, Director, Office III to Alex Villanueva, Acting Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *Antidumping and Countervailing Duty Orders on Certain Dry Pasta from Italy:*

*Final Scope Ruling on La Molisana SpA (La Molisana) Request on Lupini Bean Pasta*)(‘Final Scope Ruling”).

**JURISDICTION**

2. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(B)(vi) to contest the Final Scope Ruling issued by the Department. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1581(c).

**STANDING**

3. Plaintiff is an Italian Producer, Exporter and U.S. importer of product subject to the Final Scope Ruling. Plaintiff participated in the Department’s proceeding that resulted in the challenged determination and is subject to the Final Scope Ruling. Therefore, Plaintiffs are interested parties as described in 19 U.S.C. §1677(9)(A) and have standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. §1516a(d).

**TIMELINESS OF THIS ACTION**

4. The contested Final Scope Ruling was dated August 10, 2026, and was served by certified mail. Plaintiffs commenced this action by filing a Summons on September 2, 2026, which was within thirty days after the date of the date of service of the Final Ruling by Certified Mail. Plaintiffs are filing this complaint on September 2, 2026, which is within thirty days from the date of the filing of the Summons. Therefore, both the Summons and Complaint have been timely filed

pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court and Section 516A(a)(2)(A)(ii) of the Tariff Act (19 U.S.C. § 1516a(a)(2)(A)(ii).

## STANDARD OF REVIEW

5. This Court reviews final determinations issued by the Department pursuant to 19 U.S.C. §1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C.§1516a(b)(1)(B)(i).

## BACKGROUND

6. On July 24, 1996, the Department published AD/CVD orders on Certain Dry Pasta from the Italy. 61 Fed. Reg. 38,473

7. The Department defined the scope of the Certain Dry Pasta as follows:

> Imports covered by these Orders are shipments of certain non-egg dry pasta in packages of five pounds four ounces or less, whether or not enriched or fortified or containing milk or other optional ingredients such as chopped vegetables, vegetable purees, milk, gluten, diastasis, vitamins, coloring and flavorings, and up to two percent egg white. The pasta covered by the scope of these Orders is typically sold in the retail market, in fiberboard or cardboard cartons, or polyethylene or polypropylene bags of varying dimensions.
>
> Excluded from the scope of these Orders are refrigerated, frozen, or canned pastas, as well as all forms of egg pasta, with the exception of non-egg dry pasta containing up to two percent egg white. Multicolored pasta, imported in kitchen display bottles of decorative glass that are sealed with cork or paraffin and bound with raffia, is excluded from the scope of the Order. Pursuant to Commerce's August 14, 2009, changed circumstances review, effective July 1, 2008, gluten free pasta is also excluded from the scope of the Order. Effective January 1, 2012,

> ravioli and tortellini filled with cheese and/or vegetables are also excluded from the scope of the Order.
>
> Also excluded are imports of organic pasta from Italy that are certified by an EU authorized body in accordance with the United States Department of Agriculture's National Organic Program for organic products. The organic pasta certification must be retained by exporters and importers and made available to U.S. Customs and Border Protection or the Department of Commerce upon request.
>
> The merchandise subject to this Order is currently classifiable under subheadings 1901.90.9095 and 1902.19.20 of the Harmonized Tariff Schedule of the United States (HTSUS). Although the HTSUS subheadings are provided for convenience and Customs purposes, the written description of the merchandise subject to the Order is dispositive.

8. On July 15, 2025 La Molisana filed its scope ruling.

9. On August 13, 2025 the Department initiated the scope ruling review.

13. On September 26, 2025 8th Avenue Food and Provisions, Inc. and Winland Foods, Inc. ("Successor to Petitioners") filed a response to the scope ruling request.

14. On November 17, 2025 La Molisana submitted comments rebutting successor to petitioner's comments.

15. On August 10, 2026 the Department issued the final scope ruling.

16. On August 20, 2026 the Department placed the proof of mailing on August 14, 2026 on the record.

**CLAIMS**

**COUNT ONE**

17. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

18. The Lupini Bean Product produced and exported by La Molisana is not pasta for purposes of the antidumping and countervailing duty order.

19. The materials that go into the Lupini Bean product are dissimilar to the materials that go into scope pasta.

20. At the time of the original investigation, the petitioner clearly stated that pasta subject to the order was made primarily from water and wheat. The Lupini Bean product includes substantial additional material and is not primarily made from water and wheat.

21. At the time of the original investigation, the petitioners clearly stated that it was adopting the U.S. FDA standards contained at 21 C.F.R. 139.110 to 21 C.F.R. 139.180 for pasta and macaroni products as the definition as to what constitutes pasta. The Lupini Bean pasta cannot be properly classified under any of the multiple US FDA standards for Pasta as its physical characteristics prevent such classification and each of the FDA standards contains specific requirements that cannot be satisfied by the Lupini product.

22. The Lupini Bean component is valuable and imparts significant physical characteristics to the final product and thus the finding that the Lupini Bean product within scope is unlawful.

**COUNT TWO**

23. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

24. The U.S. Court of Appeals for the Federal Circuit in *Magnum Magnetics Corp. v. United States*, Case Number 2024-1164 (Fed. Cir. February 17, 2026) held that the Department should conduct a (k)(1) analysis even if the scope language is unambiguous.

25. The scope language for this order is not clear, but even if it were clear, the Department should have conducted a (k)(1) analysis.

26. The Department as expressly notified of the *Magnum* decision on February 19, 2026, but did not conduct a (k)(1) analysis nor address why the *Magnum* decision was inapplicable. The Department's refusal to conduct a (k)(1) analysis was unlawful and an abuse of discretion.

**COUNT THREE**

27. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

28. La Molisana raised numerous arguments and provided facts in its scope ruling request and supplemental papers which were not addressed in the scope ruling.

29. The Department must fully address all arguments and claims presented in a scope ruling request and the failure to do so is unlawful and an abuse of discretion.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to three of plaintiffs' complaint;
2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;
3. Awarding attorney fees and costs; and
4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506
David.craven@tradelaw.com

Counsel to La Molisana SpA

Date: September 3, 2026